Jon D. MOLLHAGEN, Plaintiff–
Appellant,

v.

Duane WITTE and Parasal Man-
ufacturing, Inc., Defendants–
Appellees.

No. 01–1056.

United States Court of Appeals,
Federal Circuit.

July 30, 2001.

Before MAYER, Chief Judge, LOURIE and RADER, Circuit Judges.

## DECISION

LOURIE, Circuit Judge.

Jon D. Mollhagen appeals from the decision of the United States District Court for the District of Nebraska granting Duane Witte and Parasal Manufacturing, Inc.'s (collectively, "the defendants'") motion for summary judgment of noninfringement. *Mollhagen v. Witte*, No. 8:99CV515, slip op. at 9 (D.Neb. Sept. 18, 2000) (*"Mollhagen"*). Because the district court correctly interpreted the asserted claims of Mollhagen's U.S. Patent 5,331,923 and properly determined that Parasal's portable squeeze chute does not infringe those claims as a matter of law, we *affirm*.

## DISCUSSION

Mr. Mollhagen is the inventor and owner of the '923 patent, which relates to a portable squeeze chute apparatus for restraining livestock for various procedures such as weighing and immunizing. *Mollhagen* at 1. Mollhagen sued the defendants for infringement of claims 30 and 34. Independent claim 30 reads in relevant part as follows:

> (c) exit gate means associated with said exit end, said exit gate means including fore-and-aft immobilizing means for selectively immobilizing fore-and-aft movement of the animal relative to the apparatus;

'923 patent, col. 18, II. 45–65. Dependent claim 34 contains additional limitations not at issue on appeal. The specification states that:

> The fore-and-aft immobilizing means generally include an exit gate having a neck clamp which is adapted to selectively abut opposing sides of the neck of the animal as it is positioned in the

chute.... The neck clamp generally includes two opposing neck clamp or exit gate side portions, each of which is connected to the superstructure such that *each of the exit gate side portions pivots about a respective, generally vertical axis* which is spaced intermediately between the exit end and the entrance end. *Id.* at col. 8, II. 12–24 (emphasis added, figure numbers omitted).

Parasal manufactures an animal chute with gate members that slide horizontally toward and away from each other. *Mollhagen* at 9. Mollhagen sued the defendants for infringement of the '923 patent, alleging that Parasal's exit gate met the "exit gate means" limitation in step (c) of claim 30. The district court first construed the claim language "exit gate means ... for selectively immobilizing fore-and-aft movement of the animal" as a means-plus-function limitation under 35 U.S.C. § 112, ¶ 6, and identified the claimed function as the selective immobilizing of the fore-and-aft movement of the animal. *Id.* at 6. Then, determining that the claim did not state sufficient structure for performing that function, the court identified the corresponding structure in the specification as an exit gate with a neck clamp having two opposing gate portions "such that each of the exit gate portions pivots about a respective, generally vertical axis which is spaced intermediately between the exit end and the entrance end." *Id.* at 6–7; '923 patent, col. 8, II. 12–24.

The court then concluded that the Parasal chute performed the claimed immobilizing function because the sliding gates immobilized the animal. *Mollhagen* at 8. The court determined, however, that the Parasal chute did not have the required structure or an equivalent thereof. *Id.* at 8–9. The court also determined that the Parasal chute did not infringe under the doctrine of equivalents because it did not perform the claimed immobilizing function in substantially the same way as the structure required by the claims. *Id.* at 9. Concluding that there was no genuine issue of material fact regarding infringement, the court granted Witte and Parasal's motion for summary judgment of noninfringement. *Id.* Mollhagen timely appealed; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (1994).

Claim construction is an issue of law, *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 970–71, 34 USPQ2d 1321, 1322 (Fed.Cir.1995) (en banc), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), that we review *de novo, Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1456, 46 USPQ2d 1169, 1172 (Fed.Cir. 1998) (en banc). Determination of infringement, whether literal or under the doctrine of equivalents, is a question of fact. *Bai v. L & L Wings, Inc.,* 160 F.3d 1350, 1353, 48 USPQ2d 1674, 1676 (Fed. Cir.1998). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). "Thus, summary judgment may be granted when no 'reasonable jury could return a verdict for the nonmoving party.'" *O.I. Corp. v. Tekmar Co.,* 115 F.3d 1576, 1580, 42 USPQ2d 1777, 1779 (Fed.Cir.1997) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). We review the district court's grant of summary judgment *de novo. Ethicon Endo–Surgery, Inc. v. United States Surgical Corp.,* 149 F.3d 1309, 1315, 47 USPQ2d 1272, 1275 (Fed.Cir.1998).

Mollhagen argues that the claim term "exit gate means" is not a means-plus-function limitation because it recites sufficient structure, *viz.,* an exit gate. Mollhagen therefore argues that the claim reads on any exit gate, not just on an exit

gate having the pivoting structure of the preferred embodiment in the specification. Mollhagen further argues that the "immobilizing means" limitation corresponds to the neck clamp structure in the specification and that the pivoting structure of that neck clamp is immaterial to the immobilizing function. Finally, Mollhagen argues that, under the doctrine of claim differentiation, the "exit gate means" language in claim 30 should be construed more broadly than in dependent claim 39, which recites "[t]he apparatus according to claim 30, wherein said exit gate means is pivoted intermediately between said exit end and said entrance end such that said exit gate closes generally transversely to said chute." '923 patent, col. 20, II. 45–59.

The defendants respond that the claim expression "exit gate means" explicitly includes the "immobilizing means" limitation, which corresponds to the structure disclosed in the specification having an exit gate that pivots about a vertical axis spaced intermediately between the exit end and the entrance end. They argue that the pivoting structure, rather than being irrelevant to the claimed immobilizing function, is required under 35 U.S.C. § 112, ¶ 6.

We agree with the defendants that the "exit gate means" includes the "immobilizing means." The plain language of the claim states "said exit gate means *including* fore-and-aft immobilizing means." '923 patent, col. 18, II. 53–55 (emphasis added). Since the claim must be interpreted according to the requirements of § 112, ¶ 6, we look to the specification for a disclosure of the structure corresponding to the immobilizing function. *O.I. Corp.,* 115 F.3d at 1581, 42 USPQ2d at 1780. The specification discloses a neck clamp structure corresponding to the immobilizing means. '923 patent, col. 8, II. 12–24. That neck clamp structure has two exit gate side portions that pivot about a vertical axis, which is spaced intermediately between the exit end and the entrance end. *Id.* Moreover, the specification clearly links the entire structure with the immobilizing function, as required by our case law. *See, e.g., B. Braun Med., Inc. v. Abbott Labs.,* 124 F.3d 1419, 1424, 43 USPQ2d 1896, 1900 (Fed.Cir.1997) ("We hold that, pursuant to [§ 112, ¶ 6], structure disclosed in the specification is 'corresponding' structure only if the specification or prosecution history clearly links or associates that structure to the function recited in the claim."). We therefore affirm the district court's interpretation of step (c) of claim 30 as requiring the presence of a neck clamp structure with exit gate side portions that pivot about a generally vertical axis spaced intermediately between the exit end and the entrance end.

■■■ We are not persuaded by Mollhagen's claim differentiation arguments. Under the doctrine of claim differentiation, each claim in a patent is presumptively different in scope. *Comark Communications, Inc. v. Harris Corp.,* 156 F.3d 1182, 1187, 48 USPQ2d 1001, 1005 (Fed.Cir. 1998). However, claim differentiation is not a "hard and fast rule of construction," and cannot be relied upon to "broaden claims beyond their correct scope." *Kraft Foods, Inc. v. Int'l Trading Co.,* 203 F.3d 1362, 1368, 53 USPQ2d 1814, 1818 (Fed. Cir.2000) (citations and quotation marks omitted). Moreover, that doctrine cannot override the statutory requirements of § 112, ¶ 6. *Laitram Corp. v. Rexnord, Inc.,* 939 F.2d 1533, 1538, 19 USPQ2d 1367, 1371 (Fed.Cir.1991). In *Laitram,* we specifically held that the stringencies of a means-plus-function limitation cannot be avoided by merely adding a dependent claim that recites the corresponding structure disclosed in the specification. *Id.* Accordingly, even if dependent claim 39 re-

**850**

cites a pivoting structure for the "exit gate means" like the neck clamp with pivoting exit gate side portions disclosed in the specification, the doctrine of claim differentiation does not negate the conclusion mandated by the statute that claim 30 is limited to the neck clamp structure described in the specification and equivalents thereof.

■ We also affirm the district court's conclusion that Parasal's chute does not literally infringe claim 30 because it does not have the claimed structure or an equivalent thereof.* Parasal's chute performs the same function as that required by claim 30: immobilizing the animal. Parasal's horizontally sliding gate is not, however, structure equivalent to a gate that pivots about a vertical axis. Mollhagen distinguished the latter structure as superior to the prior art because the pivoting action avoided "causing the animal to panic as the exit gate side portions are closed." '923 patent, col. 8, ll. 33–34. Mollhagen now inconsistently argues equivalence between the purportedly superior claimed pivoting structure and a horizontal sliding gate that was known in the art. Because no reasonable fact-finder would agree with Mollhagen's about-face equivalence arguments, we affirm the district court's determination that Parasal's chute does not literally infringe claim 30 as a matter of law.

■ Finally, we affirm the court's conclusion that there is no genuine issue of material fact regarding infringement of claim 30 under the doctrine of equivalents. Although Parasal's chute performs the same function as the claimed invention, i.e., immobilizing the animal, and yields the

same result, i.e., an immobilized animal, it does not do so in substantially the same way. As we have discussed above, and as the specification itself makes clear, the claimed pivoting structure is characterized as a novel feature of the invention. We therefore, like the district court, decline to equate the way that the claimed structure immobilizes an animal with the movement of Parasal's horizontally sliding gates, which were known in the art.

Because the district court accurately construed the claim terms and correctly concluded that Parasal's chutes do not infringe as a matter of law, we affirm.

---

* We do not separately address infringement of claim 34 because it depends from claim 30. *See Jeneric/Pentron, Inc. v. Dillon Co., Inc.,* 205 F.3d 1377, 1383, 54 USPQ2d 1086, 1090 (Fed.Cir.2000) (stating the fundamental principle that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed).